UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD OCASIO,                       ) | |
|         Plaintiff,                   ) | |
|                                      ) | |
|     v.                               ) | CAUSE NO.: 2:20-CV-297-JTM-JPK |
|                                      ) | |
| METHODIST HOSPITAL OF GARY, INC.,    ) | |
| *et al.*,                            ) | |
|         Defendants.                  ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Edward Ocasio invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing his Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged the citizenship of Defendants Methodist Hospital of Gary, Inc., The Methodist Hospitals, Inc., and The Methodist Hospitals Foundation, Inc. However, the allegations are insufficient as to the citizenship of Plaintiff.

The Complaint states: "[a]t all times relevant, the Plaintiff, EDWARD OCASIO, was a resident of the State of Illinois." (Compl. ¶ 1, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of Plaintiff's state of citizenship, not his state of residence.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege his own citizenship, as outlined above. Therefore, the Court **ORDERS** Plaintiff Edward Ocasio to **FILE**, on or before **September 11, 2020**, a supplemental jurisdictional statement that properly alleges his citizenship.

So ORDERED this 21st day of August, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT